UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| VERONICA L. KIRK, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> METLIFE INVESTORS USA ) <br> INSURANCE COMPANY, ) <br> ) <br> Defendant. ) | Case No. 1:07CV00140 ERW |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Veronica L. Kirk's Motion for Remand [doc. #8] and Veronica L. Kirk's Motion for Joinder of Parties [doc. #9].

**I.   BACKGROUND AND PROCEDURAL HISTORY**

On September 5, 2007, Veronica L. Kirk ("Kirk") filed a petition for discovery of assets in the Circuit Court of Scott County. Kirk is requesting the distribution of the proceeds of an Annuity Contract issued on September 8, 2003 by MetLife Investors USA Insurance Company ("MetLife") to Julius L. Allen ("Decedent").

Joan Moore ("Moore") submitted a claim, as Decedent's beneficiary, for benefits under the Annuity Contract, and MetLife paid those benefits. Subsequently, Kirk claimed that the benefits under the Annuity Contract should have been paid to the Decedent's estate. Kirk's action was brought against MetLife, and Moore was not named in this suit. MetLife removed this action to this Court on October 11, 2007 and it was assigned Case No. 1:07CV00140 ERW.

On the same day that Kirk filed this action in state court, MetLife filed an action in federal court seeking a declaratory judgment (assigned Case No. 1:07CV00130). In their suit, MetLife seeks a declaration of the rights and other legal relations of the parties with respect to the Annuity

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Contract. MetLife seeks this Court's determination of the proper payee of the death benefits, because if the death benefits have not been paid to the proper party, then MetLife has the right and obligation to recover the death benefits paid and to pay them to the proper party.

MetLife seeks to have these two actions consolidated. Conversely, Kirk asks the Court to dismiss the action brought by MetLife, join a party to 1:07CV00140 ERW and remand 1:07CV00140 ERW. This order will address Kirk's Motion for Joinder of Parties [doc. #9] and Kirk's Motion for Remand [doc. #8].

**II.     MOTION FOR JOINDER OF PARTIES AND REMAND**

Kirk requests the joinder of Moore, and asserts that Moore is a necessary party under Fed. R. Civ. P. 19. Kirk asserts that Moore's absence prevents complete relief from being accorded among the parties and subjects MetLife to a substantial risk of incurring inconsistent obligations. The joinder of Moore as a defendant would destroy diversity and Kirk seeks to have the Court remand this action to the state court after joining Moore as a defendant. Kirk argues that she is free to join Moore as a nondiverse defendant as it is their "privilege to exercise that choice [of forum]." *Iowa Public Service Company v. Medicine Bow Coal Company*, 556 F.2d 400, 406 (8th Cir. 1997).

The Court has discretion over whether to grant or deny joinder. *See* 28 U.S.C. § 1447(e). "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). In exercising their discretion, a court will consider several factors. *See Le Duc v. Bujake*, 777 F. Supp. 10, 12 (E.D. Mo. 1991). Specifically, these factors are, "[t]he extent to which the purpose of the amendment is to defeat federal jurisdiction, whether plaintiff has been dilatory in asking for amendment, whether the plaintiff will be significantly

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

injured if amendment is not allowed, and any other factors bearing on the equities." *Alpers Jobbing Co. v. Northland Casualty Co.*, 173 F.R.D. 517, 520 (E.D. Mo. 1997) (*citing Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987)).

Kirk was aware that MetLife paid benefits to Moore before she filed her petition in state court. The attempted joinder of Moore at this time appears to be purely for the purpose of defeating diversity jurisdiction, and this first factor weighs heavily against Plaintiff. Plaintiff is seeking the joinder of Moore approximately two months after she filed her original complaint, which shows that Kirk was not significantly dilatory in asking for this amendment under the second factor. The third factor indicates that there is no evidence that Plaintiff will be significantly injured by having to pursue this action in federal rather than state court, and the Court finds no other factors that bear upon the equities. The balance of these factors weighs against permitting the joinder of Moore. MetLife's declaratory judgment action, to which Kirk and Moore are both parties, is presently pending before the Court, and will afford complete relief to all parties. There is no risk of inconsistent liabilities to MetLife. Kirk's motions for joinder and remand will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Kirk's Motion for Remand [doc. #8] is **DENIED.**

**IT IS FURTHER ORDERED** that Kirk's Motion for Joinder of Parties [doc. #9] is **DENIED.**

Dated this 13th day of December, 2007.

E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE

PDF created with FinePrint pdfFactory trial version www.pdffactory.com